PARK PLACE DISCOUNT COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. LEE G. TAYLOR, DEFENDANT, AND A. LINCOLN TAYLOR, DEFENDANT-RESPONDENT.

Submitted May 17, 1937—Decided December 16, 1937.

For the appellant, *Laurence N. Rosenbaum* (*Louis J. Cohen,* of counsel).

For the respondent, *Edward R. Deibert.*

The opinion of the court was delivered by

RAFFERTY, J. This is an appeal from a judgment of the Supreme Court, Essex Circuit, in favor of respondent, A. Lincoln Taylor, a party defendant below, the case being tried before the court below without a jury and on an agreed state of facts.

Appellant, plaintiff below, was the legal holder of a promissory note, being a renewal time note of an original demand

note, payable to the order of the banking institution which, on January 22d, 1924, had advanced the sum of $10,000 on the original note. This original note was made by Lee G. Taylor, a defendant below, against whom judgment has been entered, and was originally secured only by stock of a corporation in which it appears Lee G. Taylor had some interest.

The note in suit is dated December 31st, 1930, and is in the principal sum of $7,900 and became due on February 27th, 1931.

Sometime after July 22d, 1924, the original demand note was criticised by an examiner of the department of banking and insurance as being without sufficient collateral support. As a result of this criticism and in order to comply therewith the cashier of the bank requested respondent, who was an officer and director of the bank, to guarantee the note, which respondent did. The guarantee reads as follows: "I hereby personally guarantee to the Haddon Heights Bank and Trust Company the payment of note for $10,000 made this day by Lee G. Taylor and any and all renewals or extensions thereof the same as if my personal endorsement appeared on the note." This guarantee, admittedly made and delivered without consideration, was executed sometime after the delivery of the note which it purported to guarantee. It was dated as of the date of the note and was made and delivered to the bank prior to the next renewal of the note.

Respondent, as a member of the executive committee and auditing committee of the banking institution, at various times certified to the bank examiners and to the bank that the assets of the bank included the note in question and the collateral guarantee held therewith.

On January 2d, 1931, the commissioner of banking and insurance took possession of the bank in accordance with the statute in such case made and provided and thereupon did take into custody the records of that institution. Thereafter and until April 2d, 1935, respondent made installment payments on account of the note in the total amount of $2,250, leaving a balance due for principal in the sum of $5,650, which, together with interest and other charges and costs, at

the time of the making of the stipulation of facts, made the whole debt due in the amount of $8,704.52.

In June, 1937, the banking commissioner at a public auction sale of the assets remaining in his hands as liquidator of the banking institution sold to plaintiff, appellant here, for value, the said note and guarantee. It is stipulated that appellant in the purchase of the note and guarantee relied upon the guarantee and that the note and guarantee were both included in the list of assets sold by the commissioner.

The court below concluded that the guarantee was made without consideration for the accommodation of the bank, that the guarantee was not for the accommodation of Lee G. Taylor, who admittedly knew nothing of the making of the accommodation and that the guarantee is a personal one and could not be sued upon by plaintiff below as assignee of the bank. The court below concluded further that the rights of plaintiff, as assignee of the bank, could not rise above the rights of its assignor and that defendant A. Lincoln Taylor could take advantage of any defense that would have been available as against the bank. In this the court below fell into error. We are not here called upon to treat of the rights of the bank, its assignee and A. Lincoln Taylor *inter se.*

The insolvency of the bank intervening gives rise to a totally different situation than might otherwise obtain. Appellant purchased this note and guarantee, not directly from the bank, but through the liquidator of the bank, whose position and authority proceeds from the public and whose function it was to administer and liquidate the affairs of the insolvent bank, upon the faith of the guarantee which had been certified by respondent himself as an officer of the bank to the bank and to the department of banking and insurance as a good and subsisting guarantee. The note itself was a renewal note made subsequently to the actual delivery of the guarantee and, we may properly infer, upon the strength of the guarantee. This in itself established consideration for the guarantee. *Schmid* v. *Haines,* 115 *N. J. L.* 271. More than that respondent himself had made payments to the bank and to the public administrator on account of the

guaranteed indebtedness. All of this is admitted by respondent in the stipulation of facts.

The language of Mr. Justice Heher in the case of *Schmid* v. *Haines, supra,* is peculiarly appropriate. In that case the learned jurist wrote:

"Defendant's contention, in its essence, is that they became parties to the paper for the accommodation of the bank solely—an expedient devised to deceive the federal bank examiners—and that the notes did not create the purported obligation. We are not called upon to determine the legal sufficiency of this defense, if factually sustained. There is respectable authority for the view that an accommodation party to a note given, as is contended here, to deceive the bank examiner into a false finding as to the sufficiency of the bank's assets, is estopped from asserting such defense, especially where insolvency intervenes. This estoppel is rooted in what has been termed 'good morals and sound public policy.' "

The authorities set forth in the cited cases amply sustain the principle there stated.

We have carefully examined all of the other points urged and the authorities cited in behalf of these points, but are impelled to the conclusion above stated for the reasons therein set out.

The judgment of the court below is reversed, with direction to enter judgment for plaintiff-appellant in accordance with this opinion.

*For affirmance*—CASE, DONGES, WELLS, JJ. 3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ. 11.